# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

MARYGENE BALDWIN,

        Plaintiff,       :      Case No. 3:08-cv-001

                                    District Judge Thomas M. Rose
    -vs-                            Magistrate Judge Michael R. Merz

                            :

MICHAEL W. WYNNE,
  Secretary of the Air Force,

        Defendant.

## REPORT AND RECOMMENDATIONS ON THE GOVERNMENT'S MOTION TO DISMISS

       This case is before the Court on Motion to Dismiss of Defendant Michael W. Wynne, Secretary of the Air Force (Doc. No. 21).[1] Plaintiff has opposed the Motion (Doc. No. 25) and Defendant has filed a Reply in support (Doc. No. 27).

       Defendant has moved for dismissal under both Fed. R. Civ. P. 12(b)(1) and 12(b)(6), but the asserted basis of dismissal on both branches is Plaintiff's failure to timely file a claim with an EEOC counselor at WPAFB as to all but one of her complaints, the claim that she was discriminatorily assigned door guard duty and failure to file with this Court within ninety days after the EEOC decision in her case.

       On a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1),

---

[1] On Motion of the Defendants and with the consent of the Plaintiff, all Defendants besides the Secretary of the Air Force were dismissed and the caption amended (Doc. No. 20 and notation order granting.) By virtue of Fed. R. Civ. P. 25(d), Michael B. Donley, present Secretary of the Air Force, is substituted for Michael W. Wynne. In accordance with this Court's standard practice, the caption will not be further amended.

the Court is free to consider material outside the pleadings and often must do so to ensure that it is not exercising jurisdiction except within the confines authorized by Congress and the Constitution. *Mortensen v. First Federal Savings and Loan Ass'n.*, 549 F.2d 884, 890 (3d Cir. 1977), quoted in *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125 (6th Cir. 1996); *Rogers v. Stratton Industries, Inc.*, 798 F.2d 913 (6th Cir. 1986). The parties recognize this rule and both submit matters outside the pleadings.

However, the Court concludes this is not properly a matter to be decided under Fed. R. Civ. P. 12(b)(1). The 90-day time limit for filing a complaint in federal court after a final EEOC decision is not jurisdictional, but instead is subject to waiver, estoppel, and equitable tolling. *Truitt v. County of Wayne*, 148 F.3d 644 (6th Cir. 1998), citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). Equitable tolling is available in Title VII suits against the federal government on the same basis as with private employers. *Irwin v. Veterans Administration,* 498 U.S. 89 (1991). Likewise, the 45-day limit for contacting an EEO counselor is not jurisdictional and is subject to equitable tolling. *Boddy v. Dean*, 821 F.2d 346 (6th Cir. 1987); *Andrews v. Orr,* 851 F.2d 146 (6th Cir. 1988); *Benford v. Frank,* 943 F.2d 609 (6th Cir. 1991). Because neither of the time limits at issue on the instant Motion is jurisdictional, the Court declines to decide the Motion under Fed. R. Civ. P. 12(b)(1).

Alternatively, Defendant seeks dismissal under Fed. R. Civ. P. 12(b)(6). A statute of limitations defense is an affirmative defense under Fed. R. Civ. P. 8 which may be raised and decided on a motion to dismiss under Fed. R. Civ. P. 12(b)(6) when it is apparent on the face of the complaint. *Pierce v. County of Oakland,* 652 F.2d 671 (6th Cir. 1981); *Lundblad v. Celeste*, 874 F.2d 1097 (6th Cir. 1989). Here the defense is not apparent on the face of the Complaint and the Motion and Plaintiff's opposition to it depend on matter outside the pleadings.

In general, a court may not consider any facts outside the complaint and any attached

exhibits on a motion to dismiss for failure to state a claim. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001). When matters outside the pleadings are presented to and considered by the court in a Rule 12(b)(6) motion, the motion is treated as one for summary judgment. *See Friedman v. United States,* 927 F.2d 259, 261 (6th Cir. 1991). However, a court may consider public records, matters of which a court may take judicial notice, and letter decisions of governmental agencies. *Jackson v. City of Columbus,* 194 F.3d 737 (6th Cir. 1999). Here, the Plaintiff was given a full opportunity to present responsive matter outside the pleadings on the limitations question (time to respond extended to two months; Plaintiff filed affidavits in support of her position) as required by Fed. R. Civ. P. 12(d). The Court will accordingly decide the current motion under summary judgment standards.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56. On a motion for summary judgment, the movant has the burden of showing that there exists no genuine issue of material fact, and the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157-59 (1970). Nevertheless, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (emphasis in original).

Read together, *Liberty Lobby* and *Celotex* stand for the proposition that a party may move for summary judgment asserting that the opposing party will not be able to produce sufficient

evidence at trial to withstand a directed verdict motion (now known as a motion for judgment as a matter of law. Fed. R. Civ. P. 50). *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989). If, after sufficient time for discovery, the opposing party is unable to demonstrate that he or she can do so under the *Liberty Lobby* criteria, summary judgment is appropriate. *Id*. The opposing party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Liberty Lobby,* 477 U.S. at 249-50, 106 S. Ct. at 2510-11 (citations omitted). "The mere possibility of a factual dispute is not enough." *Mitchell v. Toledo Hosp*., 964 F. 2d 577, 582 (6th Cir. 1992)(quoting *Gregg v. Allen-Bradley Co.,* 801 F. 2d 859, 863 (6th Cir. 1986). Therefore a court must make a preliminary assessment of the evidence, in order to decide whether the plaintiff's evidence concerns a material issue and is more than de minimis. *Hartsel v. Keys*, 87 F. 3d 795 (6th Cir. 1996). "On summary judgment," moreover, "the inferences to be drawn from the underlying facts ... must be viewed in the light most favorable to the party opposing the motion." *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S. Ct. 993, 994, 8 L. Ed. 2d 176 (1962). Thus, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Liberty Lobby,* 477 U.S. at 249, 106 S. Ct. at 2510.

**Filing Within Ninety Days of the Right to Sue Letter**

The final decision of the EEOC Office of Federal Operations which completed the administrative processing of Plaintiff's claims was issued and mailed September 13, 2007. Plaintiff does not dispute that the decision was timely mailed and received. The ninetieth day thereafter was December 12, 2007. The Complaint was not filed until January 2, 2008, presumptively three weeks

late. Plaintiff, however, seeks the benefit of equitable tolling, based on her extraordinary family circumstances in November and December, 2007.

In her Affidavit filed in opposition to the Motion, Plaintiff avers that her daughter-in law died on November 9, 2007; that her mother died on November 12, 2007; that her best friend died on December 2, 2007; and that these latter two deaths required her to be in Atlanta, Georgia, from November 15 to November 24, 2007, and from December 5 to December 9, 2007. She further avers that "I again returned to Atlanta to address family maters [sic] from December 22, 2007, through January 1, 2008." (Baldwin Affidavit attached to Doc. No. 25 at ¶¶ 13-14.) She concludes "[t]hroughout the months of Novermber and December 2007, I was extremely emotionally distraught and was unable to pursue my EEO claims until I returned from Atlanta on January 1, 2008." *Id*.

Upon these facts, Plaintiff seeks the benefit of equitable tolling of the 90-day statute of limitations. In determining whether equitable tolling is appropriate, courts in the Sixth Circuit follow the test set out in *Andrews v. Orr*, 851 F.2d 146 (6th Cir.1988), in which the court "specifically identified five factors to consider when determining the appropriateness of equitably tolling a statute of limitations: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc*., 209 F.3d 552, 561 (6th Cir.2000)." *Dunlap, v. United States*, 250 F.3d 1001 (6th Cir. 2001). This list of factors is not necessarily comprehensive, and not all factors are relevant in all cases. *Miller v. Collins*, 305 F.3d 491 (6th Cir. 2002). "Absence of prejudice is to be considered only after a factor that might justify tolling is identified." *Allen v. Yukins*, 366 F.3d 396 (6th Cir. 2004), *quoting Vroman v. Brigano*, 346 F.3d 598, 605 (6th Cir. 2003).

The burden is on the Plaintiff to demonstrate that she is entitled to equitable tolling. *Keenan v. Bagley*, 400 F.3d 417, 420-22 (6th Cir. 2005); *Allen v. Yukins,* 366 F.3d 396 (6th Cir. 2004); *McClendon v. Sherman,* 329 F.3d 490, 494 (6th Cir. 2003); *Griffin v. Rogers,* 308 F.3d 647, 653 (6th Cir. 2002). Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control. *Jurado v. Burt*, 337 F.3d 638 (6th Cir. 2003), citing *Graham Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir.2000). "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Id.* at 561.

In this case the Plaintiff does not claim that she was ignorant of the filing deadline or misled about it in any way by government officials; indeed, the deadline is unequivocally clear on the face of the EEOC Decision. The question before the Court comes down to this: was the Plaintiff reasonably diligent in pursuing her claim given the emotional impact on her of the three deaths which occurred in November, 2007. Certainly these deaths were circumstances beyond Plaintiff's control. However, the first of these deaths did not occur until more than six weeks after she received the EEOC Decision and she gives no reason why she could not have filed during that period. No corroboration is offered of her claim that she was "extremely emotionally distraught" nor does she indicate she required medical attention.

The Magistrate Judge concludes, however, that it would be improper to decide the equitable tolling issue on the basis of the record now before the Court which is sparse. As the party opposing summary judgment, Plaintiff is entitled to all fair inferences from the evidence she has presented, and it is possible that a reasonable factfinder, upon a more developed record, would conclude equitable tolling was justified.

Accordingly, it is respectfully recommended that the Motion to Dismiss be denied insofar as it is directed to Plaintiff's failure to file the Complaint within ninety days of receipt of the EEOC

decision and that this issue be reserved for decision at trial or on a more developed record.

**Making an EEO Complaint within Forty-five Days of Discrimination**

29 C.F.R. § 1614.05(a), which the parties agree is controlling, provides in pertinent part:

> (1) An aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory. . .
>
> (2) The agency or the Commission shall extend the 45-day time limit in paragraph (a)(1) of this section when the individual shows that he or she was not notified of the time limits and was not otherwise aware of them, that he or she did not know and reasonably should not have been [sic] known that the discriminatory matter or personnel action occurred, that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits, or for other reasons considered sufficient by the agency or the Commission.

In this case, the only claim accepted for adjudication on the merits was Plaintiff's claim that she was discriminated against "on the bases of her race (African-American), sex (female), and age (D.O.B. __/__/44) when her supervisor harassed her and threatened her with insubordination when he [sic] scheduled her for guard duty." EEOC Decision attached to Doc. No. 21. The Decision also noted:

> Complainant raised four other claims which were dismissed because of untimely contact with the EEO counselor. The AJ upheld the dismissal of the four claims. Complainant only challenged the dismissal of one claim but provided no evidence on appeal to support her assertion that she was timely.

*Id.* at n.1.

The four other claims are listed in the November 22, 2005, Memorandum of Equal Opportunity Manager Lynne S. Ranney (attached to Doc. No. 21). They are

1. Failure to promote on the 2003 promise of Lt. Col. Freerks;

2. Failure to upgrade to a GS-13 after a May, 2005, desk audit;

3. Lowering of the April, 2005, performance appraisal; and

4. Non-selection for promotion to GS-343-13 in August, 2005.

As to the first three of these claims, Plaintiff readily admits that she made no contact with the EEOC counselor within forty-five days of the alleged discrimination. She seeks to excuse this by claiming that the EEO Office at WPAFB had been thoroughly "co-opted" by management and filing with them was futile. However, neither Congress nor the courts have recognized a "futility" exception to the requirement that the administrative process be exhausted.[2] These three claims are plainly barred by Plaintiff's failure to timely invoke the administrative process.

As to the non-selection for GS-13, Plaintiff offers two reasons why her initial contact for that alleged discrimination should be deemed timely.

First, her counsel claims "Plaintiff thereupon contacted Ms. Lynne Ranney at the WPAFB EEO office on September 15, 2008 [sic], but was told that the earliest she could meet with someone from the EEO office was on September 21, 2005." (Response in Opposition, Doc. No. 25, at 10). For this fact, counsel cites Ms. Baldwin's Affidavit at ¶ 8. However, ¶ 10 of the Affidavit does not say Ms. Baldwin contacted Ms. Ranney on September 15, 2005. What it says is "**Following** this September 15, 2005, conversation with Ms. Lee, I contacted Ms. Lynne Ranney, of the WPAFB EEO office, regarding filing an EEO complaint (emphasis added)." "Following" could be at any time after the conversation with Lee; the word "following" does not necessarily denote that the contact came after but on the same day as the contact with Lee. In her own initial filing on October 3, 2005, Ms. Baldwin claimed her initial contact with Ranney was on September 21, 2005 (attached

---

[2]Compare the futility exception to the requirement for exhausting state court remedies in habeas corpus cases.

to Doc. No. 21). The EEOC Decision notes that Plaintiff only appealed as to the dismissal of one of her claims on grounds of untimeliness, presumably this one, but notes that Plaintiff offered "no evidence on appeal to support her assertion that she was timely."

Both the Air Force and the EEOC rejected the failure to promote claim as untimely. The parties have not discussed the standard of review for that decision, but the standard appears to be abuse of discretion. *Harris v. Administrator, Veterans Administration*, 924 F.2d 148 (8th Cir. 1991).. On that standard, there was no abuse of discretion here, because the EEOC was presented with "no evidence" to show the appeal was timely.

Plaintiff's other argument that her initial contact on the failure to promote claim was timely is that she only discovered the failure was discriminatory on September 15, 2005, when she spoke with Ms. Lee. She relies on 29 C.F.R. § 1614.105(a)(2) which provides that "The agency or the Commission shall extend the 45-day time limit in paragraph (a)(1) of this section when the individual shows . . . that he or she did not know and reasonably should not have been [sic] known that the discriminatory matter or personnel action occurred, . . . ." The asserted sequence of events is

> ¶ 9  In July of 2005, an opening for a GS-343-13 (Program Analyst) was advertised in the MSIO Office. I applied for this position through the Office of Personnel Management Online Nomination. I learned on August 1, 2005, that I had not been selected for the position. As well as I was not selected for other positions at the GS-13 levle. On September 15, 2005, I spoke with Stephanie Lee, in the Employee Relations Office. During the course of this conversation, Ms. Lee expressed surprise that I had not received the promotion, and stated that she had been informed by Michelle Corcoran that I was passed over for the position because I neither had a master's degree nor professional military education. In fact I have completed both a master's degree and the Air Command and Staff course. I faxed to Ms. Lee a copy of my Individual Development Plan which confirmed those requirements were listed and Michelle Corcoran had access to that document at the time of my rating.

9

(Baldwin Affidavit, attached to Doc. No. 25.)  Here again the record is devoid of any proof that Plaintiff presented these facts either to the Air Force or to the EEOC.  To put it another way, how can the agency or the Commission extend the time on a basis which has not been presented to them?  Since this theory and the supporting facts were never presented to either the Air Force or the EEOC, it was plainly not an abuse of discretion to fail to extend the time on this basis or to fail to recognize that the initial contact was timely on this basis.

**Conclusion**

Defendant's Motion to Dismiss, considered under summary judgment standards, should be denied insofar as it seeks dismissal for failure to file within ninety days of receipt of the EEOC Decision.  However, insofar as it seeks dismissal of the first four of Plaintiff's claims of discrimination for failure to timely invoke the administrative process, it should be granted.

March 14, 2009.

s/ **Michael R. Merz**

United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C),

or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).