# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

MARYGENE BALDWIN,

   Plaintiff,        :    Case No. 3:08-cv-001

                     District Judge Thomas M. Rose
  -vs-               Magistrate Judge Michael R. Merz

                 :

MICHAEL W. WYNNE,
 Secretary of the Air Force,

   Defendant.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS ON THE GOVERNMENT'S MOTION TO DISMISS

   This case is before the Court on Motion to Dismiss of Defendant Michael W. Wynne, Secretary of the Air Force (Doc. No. 21). On March 14, 2009, the Magistrate Judge recommended granting the Motion in part and denying it in part (Doc. No. 28). Plaintiff has filed Objections to the R&R (Doc. Nos. 35, 36). The time within which the United States might have responded to the Objections has expired and no response has been filed. The General Order of Reference for the Dayton location of court permits a magistrate judge to reconsider decisions or reports and recommendations when objections are filed.

   Upon consideration of the Objections, the Magistrate Judge believes there is a genuine issue of material fact as to whether Plaintiff timely contacted the EEO Counselor regarding the failure to promote her on August 1, 2005. Depending on which way the Court or a jury decides that question of fact, it is possible that the Court might conclude it was an abuse of discretion to fail to accept that claim for investigation. Because questions of fact should not be decided on a motion to dismiss, the Magistrate Judge WITHDRAWS his recommendation that this claim be dismissed. As to that claim,

it is now respectfully recommended that the Motion to Dismiss be denied.

Plaintiff also objects to the recommendation that the following three claims be dismissed:

1. Failure to promote on the 2003 promise of Lt. Col. Freerks;
2. Failure to upgrade to a GS-13 after a May, 2005, desk audit;
3. Lowering of the April, 2005, performance appraisal.

(Objections, Doc. No. 36, at 8.) Plaintiff asserts that these actions are part of a hostile work environment to which she was subjected and that the Supreme Court allows such prior acts to be considered in establishing liability if "an act contributing to the claim occurs within the filing period," quoting *Amtrak v. Morgan*, 536 U.S. 101, 117 (2002). The difficulty with this argument is that Plaintiff never made a hostile work environment claim in the administrative process and thus has failed to exhaust the mandatory administrative remedy for such a claim. If Plaintiff had made a hostile work environment claim in the administrative process and given the Air Force an opportunity to investigate and remedy that violation, she could now sue on such a claim and include these prior incidents as proof of the claim. But she never made such a claim in the EEO process. In any event it is clear even by Plaintiff's argument and the language of the Morgan case that Plaintiff cannot recover separately for these discrete incidents. The Magistrate Judge accordingly continues to recommend that these three claims be dismissed.

May 12, 2009.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of

law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).